George R. Hardin, Esq.
**HARDIN, KUNDLA, MCKEON & POLETTO, P.A.**
673 MORRIS AVENUE
SPRINGFIELD, NEW JERSEY 07081
(973) 912-5222
Attorneys for Plaintiff, Everest Indemnity Insurance Company

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| EVEREST INDEMNITY INSURANCE COMPANY<br><br>Plaintiff,<br><br>vs.<br><br>ALL RISKS, LTD.,<br><br>Defendant. | Civil Action No.: |

### COMPLAINT FOR DECLARATORY AND OTHER RELIEF

NOW COMES Plaintiff, Everest Indemnity Insurance Company, 477 Martinsville Rd., Liberty Corner, County of Somerset, State of New Jersey, by and through its undersigned attorneys, and for its Complaint against Defendant, All Risks, Ltd., states as follows:

### NATURE OF ACTION

1. Everest Indemnity Insurance Company ("Everest") brings this Complaint for negligence, breach of contract, breach of fiduciary duty, and declaratory judgment under 28 U.S.C. §§ 2201 and 2202 seeking a declaration respecting Everest's rights to reimbursement and indemnification from defendant All Risks, Ltd. ("All Risks").

2. This lawsuit arises from All Risks' obligation and subsequent failure to include a mandatory endorsement in Everest insurance policies pursuant to All Risk's limited underwriting authority granted under a Program Administrator Agreement. As a result of All Risks' failure, Everest has incurred and continues to incur significant expenses defending class action claims

filed against Monitronics International, Inc. ("Monitronics"), which was insured under the Everest policies by All Risks. The underlying class action lawsuits should have otherwise been excluded from coverage by a mandatory endorsement under the Everest Policies. Everest also was forced to defend a declaratory judgment action Monitronics filed against Everest, which also arose out of All Risks' failure to originally include the mandatory endorsement.

3. Since May 2015, Everest has repeatedly demanded that All Risks reimburse Everest for amounts incurred in defending Monitronics in the underlying class action lawsuits and in defending the Monitronics declaratory judgment action, which was caused by All Risks' acts and omissions, but All Risks has refused to do so. Everest brings this action as a result of All Risks' wrongful refusal to reimburse and indemnify Everest.

## PARTIES

4. Everest is a Delaware corporation with its principal place of business in Liberty Corner, New Jersey.

5. All Risks is a Maryland corporation with its principal place of business at 10150 York Road, Hunt Valley, Maryland 21030.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1332(a)(1) and 1332(c)(1), because there is complete diversity between Plaintiff and Defendant, and the amount in controversy, exclusive of interest, exceeds $75,000.

7. This Court has personal jurisdiction over Defendant All Risks because it conducts business in New Jersey, including having negotiated the agreements at issue in New Jersey. Furthermore, performance by All Risks under the "PA Agreement" (as defined below) is to be in New Jersey.

8. Venue is proper pursuant to 28 U.S.C. §§ 1391(b)(2) because Everest resides in this District and a substantial part of the events and/or omissions giving rise to this Complaint occurred in this District. Further, the "PA Agreement" (as defined below) was in part negotiated in New Jersey and provides that it is to be construed and enforced in accordance with and governed by the laws of New Jersey.

## FACTUAL BACKGROUND

### A. The PA Agreement

9. Mt. McKinley Managers, L.L.C. ("Mt. McKinley") is an underwriting manager for Everest located in New Jersey.

10. On or around November 25, 2002, Mt. McKinley entered into a Program Administrator Agreement ("PA Agreement") with All Risks, wherein All Risks was granted limited authority to solicit, underwrite, bind and issue certain lines of Everest insurance policies. Everest consented to and executed the PA Agreement, wherein Everest is an express third-party beneficiary and is authorized to enforce its terms.

11. Section 1 of the PA Agreement authorizes All Risks to solicit, quote, negotiate, underwrite, bind and issue surplus lines insurance policies of the types set forth in Schedule A, in accordance with the underwriting guidelines established by Mt. McKinley ("Underwriting Guidelines") and applicable laws and regulations.

12. Schedule A of the PA Agreement, which is entitled "Authorized Lines," expressly allows All Risks to issue "General Liability … in connection with … Alarm Installers and Monitors … in accordance with the [U]nderwriting [G]uidelines." In addition to general liability policies, by Addendum No. 4 effective March 1, 2003, the PA Agreement was amended to authorize All Risks to issue Umbrella and "Following Form" Excess policies.

13. However, Section 2 of the PA Agreement, which is entitled "Restrictions on Authority," provides, in pertinent part, as follows:

> (A) [All Risks] shall not underwrite risks and/or determine appropriate premium for insurance policies other than as prescribed in Schedule A and the Underwriting Guidelines, unless [All Risks] requests and received prior written approval from Mt. McKinley for such risks…
>
> (B) [All Risks] shall not waive any condition or make any change to the [Everest's] insurance policies, endorsements or applications without Mt. McKinley's prior written consent…

Thus, All Risks' underwriting authority was expressly limited by the terms set forth in the PA Agreement and Underwriting Guidelines, and any deviation therefrom required Mt. McKinley's prior written consent.

14. The PA Agreement and Underwriting Guidelines expressly require All Risks to use certain forms for all policies issued under the PA Agreement. In particular, with respect to Commercial General Liability policies, All Risks was required to include all forms set forth in Everest's "Commercial General Liability Forms List" (hereinafter the "GL Forms List").

15. As set forth in the GL Forms List, Form Number ECG 00 547 05 09, entitled "Recording & Distribution of Material or Information in Violation of Law Exclusion" (hereinafter referred to as the "TCPA Endorsement"), is a mandatory endorsement to be included in all general liability policies issued by All Risks under the PA Agreement.

16. The TCPA Endorsement modifies coverage under Everest policies to exclude, among other things, any claims "arising directly or indirectly out of any action or omission that violates or is alleged to violate … [t]he Telephone Consumer Protection Act (TCPA), including any amendment of or addition to such law[.]"

17. All Risks had no authority to issue any Everest policies that did not include the TCPA Endorsement without Mt. McKinley's prior written consent.

4

18.     In the event All Risks fails to comply with these or any other terms of the PA Agreement, Section 8(A), entitled "Indemnification," provides in pertinent part as follows:

> [All Risks], its successors and assigns agree to indemnify and hold Mt. McKinley and [Everest] harmless against all liability including but not limited to damages, losses, fines, penalties (including, but not limited to, market conduct fines, penalties or assessments), and reasonable costs and expenses of whatsoever kind, including but not limited to fees and disbursements of counsel, which Mt. McKinley or [Everest] is or may be held liable to pay arising out of: (i) [All Risks'] failure to comply with the terms of this Agreement; and/or (ii) the willful or negligent acts or omissions of [All Risks], its employees and/or its agents or assigns, including, without limitation, the failure of the Individual Producer(s) to satisfy their obligations hereinunder. [All Risks] shall also indemnify Mt. McKinley or [Everest] against all such liability occasioned by the actions of any of the Authorized Representatives or any countersignature agents appointed at its behest or pursuant to its recommendation[.]

19.     Further, in addition to the indemnity obligations set forth above, Section 15 of the PA Agreement, entitled "Other Remedies," provides in pertinent part as follows:

> In addition to, and without in any way limiting, any remedy or remedies that Mt. McKinley or [Everest] may have under this Agreement or applicable law or regulation, in the event that [All Risks] fails to fulfill any of its obligations hereunder, Mt. McKinley or [Everest] may fulfill such obligations itself or engage a third party to fulfill such obligations. The costs and expenses incurred by Mt. McKinley or [Everest] to fulfill such obligations shall be reimbursed by [All Risks] to Mt. McKinley or [Everest]. Interest on amounts expended by Mt. McKinley or [Everest] in fulfilling, directly or through others, [All Risks'] obligations shall accrue at the rate set forth in sub-paragraph 10(C).

Sub-paragraph 10(c) states that "[t]he interest rate shall be the prime rate (as published in the Wall Street Journal) plus 3%[.]"

20.     Section 20 of the PA Agreement states that the "Agreement will be construed and enforced in accordance with and governed by the law of the State of New Jersey."

**B.     *The Monitronics' Policies***

21.     In June 2012, an insurance agent in Dallas, Texas requested that All Risks provide a quote for new commercial general liability and excess insurance policies for Monitronics International Inc., a large alarm monitoring company.

5

22. During the course of preparing the quote for the Monitronics policies, All Risks obtained a loss run report showing that Monitronics had submitted certain claims to its prior insurer for losses allegedly arising out of unsolicited faxes and violations of telephone privacy statutes (*i.e.*, TCPA violations). These prior claims would have been expressly excluded from coverage under the TCPA Endorsement.

23. Despite the existence of the prior claims that would have been excluded under TCPA Endorsement, and despite the fact that All Risks had no discretion to decide not to include the TCPA Endorsement under the PA Agreement and Underwriting Guidelines, All Risks unilaterally agreed to remove the mandatory TCPA Endorsement from the policies it quoted to Monitronics.

24. All Risks agreed to remove the mandatory TCPA Endorsement at the request of Monitronics' insurance agent based on the agent's representations that Monitronics did not engage in telemarketing activities, that it would not violate any applicable laws and it had other insurance policies and dealer agreements that would cover any claims/losses excluded under the TCPA Endorsement.

25. On information and belief, prior to issuing the policies, All Risks failed to review or investigate the prior TCPA claims. All Risks also failed to obtain or review a copy of the other policies and dealer agreements that Monitronics allegedly had in place. All Risks also failed to adequately and properly investigate Monitronics' business operations or its potential for liabilities that could arise if the TCPA Endorsement was omitted, despite the existence of prior losses arising out of the types of claims the TCPA Endorsement was designed to exclude from coverage.

26.     Instead, All Risks issued Commercial General Liability Policy No. 51GL006368-121 and Commercial Catastrophe Policy No. 51CC002250-121 (collectively, "the Policies") to Monitronics, both effective August 31, 2012 through August 31, 2013, without the mandatory TCPA Endorsement.

## C.     *The TCPA Suits Against Monitronics and the DJ Action Against Everest*

27.     Shortly after All Risks issued the Policies, Monitronics began submitting claims thereunder seeking defense and indemnity for multiple class action lawsuits alleging violations of the TCPA ("TCPA Suits"). Because All Risks failed to include the mandatory TCPA Endorsement that would have excluded coverage for the claims in these suits, Everest has been forced to defend at least 14 different TCPA Suits[1] against Monitronics, most of which were transferred and consolidated with other similar class action TCPA Suits pending in the Northern District of West Virginia under the federal MDL statute, 28 U.S.C. § 1407. While some of the

---

[1] *Bank v. Alliance Sec. Inc.*, No. 1:14-CV-04410 (E.D. N.Y. filed July 23, 2014); *Bank v. Alliance Sec. Inc.*, No.1:14-CV-00215 (N.D. W.Va. transf'd Dec. 15, 2014); *Bennett v. Monitronics Int'l, Inc.*, No. 1:14-CV-00054 (S.D. Ala. Filed Feb. 10, 2014); *Bennett v. Monitronics Int'l, Inc.*, No. 1:14-CV-00034 (N.D. W.Va. transf'd Feb. 27, 2014); *Bowler v. Montitronics Int'l, Inc.*, No.2:13-CV-00321 (W.D. Wash. filed Feb. 19, 2013); *Bowler v. Monitronics Int., Inc.*, No.1:13-CV-00263 (N.D. W.Va. transf'd Dec. 19, 2013); *Cain v. Monitronics Int'l, Inc.*, No. 8:13-CV-0859 (C.D. Cal. filed Nov. 27, 2013); *Cain v. Monitronics Int'l, Inc.*, No. 1:13-CV-00265 (N.D. W.Va. transf'd Dec. 20, 2013); *Charvat v. Monitronics Int'l, Inc.*, No.2:14-CV-01366 (S.D. Ohio filed Aug. 26, 2014); *Charvat v. Monitronics Int'l, Inc.*, No. 1:14-CV-00162 (N.D. W.Va. transf'd Sept. 19, 2014); *Dolemba v. Monitronics Int'l, Inc.*, No. 1:14-CV-01955 (N.D. Ill. filed Mar. 19, 2014); *Dolemba v. Monitronics Int'l, Inc.*, 1:14-CV-00066 (N.D. W.Va. transf'd Apr. 14, 2014); *Fairley v. Monitronics Int., Inc.*, No. 1:14-CV-00525 (N.D. Oh. Filed Mar. 7, 2014); *Fairley v. Monitronics Int'l, Inc.*, No. 1:14-CV-00054 (N.D. W.Va. transf'd Mar. 27, 2014); *Finklea v. Monitronics, Int'l*, Inc., No. 3:14-CV-00153 (S.D. Tex. filed May 2, 2014); *Finklea v. Monitronics Int'l, Inc.*, No. 1:14-CV-00054 (N.D. W.Va. transf'd May 22, 2014); *Giles v. ISI Alarms NC Inc.*, No. 1:13-CV-033377 (N.D. Ga. filed Oct. 10, 2013); *Giles v. ISI Alarms NC Inc.*, No. 1:14-CV-00020 (N.D. W.Va. transf'd Jan. 31, 2014); *Holcombe v. Alliance Sec. L.L.C.*, No. 4:13-CV-00142 (N.D. Ga. Filed June 6, 2013); *Mey v. Honeywell Int., Inc.*, No. 2:12-CV-01721 (S.D. W.Va. filed May 29, 2012); *Mey v. Honeywell Int., Inc.*, No. 1:14-CV000059 (S.D. W.Va. transf'd Apr. 3, 2014); *Primack v. Monitronics Int'l, Inc.*, No. 1:13-CV-07253(N.D. Ill. filed Oct. 9, 2013); Primack v. Monitronics Int'l, Inc., No. 1:14CV-06367 (N.D. Ill. filed Aug. 18, 2014); *Primack v. Monitronics Int'l, Inc., No.* 1:14-CV-00004 (N.D. W.Va. transf'd Jan. 6, 2014); *Shredders v. UTC Fire & Sec. Americas Corp., Inc.*, No. 1:14-CV-01539 (N.D. Ill. filed Mar. 4, 2014); *Shredders v. UTC Fire & Sec. Americas Corp., Inc.*, No. 1:14-CV-00158 (N.D. W.Va. transf'd Sept. 18, 2014).

TCPA Suits against Monitronics have settled, several of them are still ongoing and still being defended by Everest.

28. As a result of All Risks' failure to include the TCPA Endorsement, Everest was forced to add the TCPA Endorsement to the Policies by amendment effective March 18, 2013. Thereafter, Monitronics filed a declaratory judgment lawsuit against Everest seeking to invalidate the endorsement (the "DJ Action").[2] Everest was then forced to defend the DJ Action, which was later dismissed without prejudice by Monitronics.

29. The DJ Action would not have been filed and Everest would not be defending Monitronics in the TCPA suits, but for All Risks' breach of its obligations under the PA Agreement, breach of its fiduciary duty to Everest in its violation of underwriting obligations, failure to include the TCPA Endorsement on the Policies, its failure to adequately and properly investigate Monitronics' business and its potential exposure to TCPA claims, and/or All Risks' issuance of the Policies without the TCPA Endorsement in violation of the PA Agreement.

D. *All Risks Has Failed and Refused to Reimburse and Indemnify Everest*

30. On October 31, 2013, Everest provided written notice to All Risks under the PA Agreement that, as a result of All Risks' failure to include the mandatory TCPA Endorsement on the Policies, Everest has faced and continues to face unanticipated exposure to claims/losses that would have otherwise been excluded from coverage. Everest gave notice that it would seek full reimbursement and indemnity for any and all resulting losses from All Risks.

31. On May 12, 2015, Everest sent another letter to All Risks demanding reimbursement and indemnification from All Risks for the DJ Action, as well as for the expenses already incurred and to be incurred from the potential exposure arising out of the TCPA Suits,

---

[2] *Monitronics Int'l, Inc. v. Everest Indem. Ins. Co.*, No. 3:15-CV-01319-B (N.D. Tex. filed Mar. 12, 2015).

which would have been excluded but for All Risks' acts, omissions and breach of the PA Agreement.

32. To date, All Risks has failed and/or refused to comply with its obligations under the PA Agreement to reimburse and indemnify Everest for the claims/losses set forth above. As a result, Everest was forced to file this suit against All Risks seeking the relief below.

### COUNT I – NEGLIGENCE

33. Everest repeats and incorporates the allegations contained in paragraphs 1-32 as though fully set forth herein.

34. All Risks owed a legal duty to Everest to act as a reasonably prudent underwriter, including duties to, among other things, exercise due diligence while investigating and evaluating particular risks. All Risks also owed a legal duty to properly retain, train and supervise its underwriting employees or agents, and assure that policies issued were in compliance with Everest's underwriting requirements.

35. Prior to issuing the Policies, All Risks knew or should have known that Monitronics had previously submitted claims to its prior insurer for losses arising out of alleged unsolicited faxes and violations of telephone privacy statutes. All Risks failed to act as a reasonably prudent underwriter by failing to adequately and properly investigate Monitronics' business and the extent to which it was exposed to liability arising out of violations of the TCPA and similar statutes, particularly when it knew or should have known about these prior losses.

36. Further, All Risks failed to act as a reasonably prudent underwriter by agreeing to delete the TCPA Endorsement based on the representation of Monitronics' agent (i.e., that Monitronics did not engage in telemarketing activities, that it would not violate any laws and it had other insurance policies and dealer agreements that would cover any claims/losses excluded

under the TCPA Endorsement) without conducting the necessary due diligence, including but not limited to reviewing any such other policies and agreements to verify the agent's representations.

37. As a direct and proximate result of All Risks' foregoing breaches of duty, Everest has suffered and continues to face exposure to claims that would have been excluded from coverage had the Policies been issued with the TCPA Endorsement, including attorneys' fees and expenses incurred and to be incurred in defending and resolving the TCPA Suits. In addition, as a direct and proximate result of All Risks' foregoing breaches, Everest incurred attorneys' fees and expenses in defending the DJ Action.

38. Everest is therefore entitled to compensatory damages resulting from All Risks' breach of its duties under common law and the PA Agreement that are necessary to make Everest whole, including all fees, costs and expenses in connection with prosecuting this matter.

## COUNT II – BREACH OF CONTRACT

39. Everest repeats and incorporates the allegations contained in paragraphs 1-38 as though fully set forth herein.

40. The PA Agreement is a valid and enforceable contract with respect to which Everest is an intended, express third party beneficiary.

41. Everest has satisfied all of its obligations under the PA Agreement.

42. All Risks breached the PA Agreement when it failed to comply with underwriting requirements and procedure, and failed to include the mandatory TCPA Endorsements in the Policies that it issued to Monitronics.

43. All Risks breached the PA Agreement by its failure and/or refusal to reimburse, indemnify and/or hold Everest harmless from the TCPA Suits and the DJ Action.

44. As a direct result of All Risks' foregoing breaches, Everest has suffered and will continue to suffer monetary damages in an amount in excess of $1,380,000, including but not limited to attorneys' fees, costs, expense and indemnity exposure for loss, judgments or settlements arising out of the defense and adjudication of the TCPA Suits that are reasonably expected to continue into the future, and the defense costs and expense for the DJ Action.

45. Everest is therefore entitled to compensatory damages resulting from All Risks' breach of the PA Agreement that are necessary to make Everest whole, including all fees, costs and expense in connection with prosecuting this matter.

## COUNT III - BREACH OF FIDUCIARY DUTY

46. Everest repeats and incorporates the allegations contained in paragraphs 1-45 as though fully set forth herein.

47. Defendant All Risks, under the PA Agreement, had the duty, obligation and responsibility to evaluate, underwrite, and issue policies of insurance consistent with and limited to the requirements and guidelines imposed by Everest and its underwriting manager.

48. All Risks, in accepting the authority and responsibility, explicitly and implicitly agreed to give its best care, judgment and effort on behalf of Everest and to exercise its powers in the interests of Everest.

49. All Risks, in accepting the authority and responsibility under the PA Agreement, owed a fiduciary responsibility and duty to Everest to exercise its best care, judgment, skill and effort on behalf of and in the interests of Everest.

50. All Risks failed to exercise its best care, judgment, skill and effort on behalf of and in the interests of Everest and did breach the fiduciary duty owed to Everest.

51. As a result of All Risks' breach of the fiduciary responsibilities and duty owed to Everest, Everest has sustained damages in an amount in excess of $1,380,000, including but not limited to attorneys' fees, costs, expenses and indemnity exposure for loss, judgments or settlements arising out of the defense and adjudication of the TCPA Suits, which are reasonably expected to continue into the future, and the defense costs and expense for the DJ Action.

## COUNT IV – DECLARATORY JUDGMENT

52. Everest repeats and incorporates the allegations contained in paragraphs 1-51 as though fully set forth herein.

53. There is a substantial controversy between the parties because All Risks disputes its obligations under the PA Agreement and has refused to comply with its contractual obligation to reimburse and indemnify Everest pursuant to Section 8 and/or Section 15 of the PA Agreement.

54. By reason of the foregoing, an actual, present and justiciable controversy exists between Everest and All Risks concerning the proper construction of the PA Agreement and the contractual obligations of All Risks to reimburse and indemnify Everest for all monetary losses, including all attorneys' fees, costs and expenses, arising out of the TCPA Suits and the DJ Action.

55. Accordingly, Everest seeks a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202 declaring that, pursuant to the PA Agreement, Everest is entitled to reimbursement and indemnity from All Risks for all monetary losses, including attorneys' fees, costs and expenses that Everest has paid or may pay in connection with the TCPA Suits and DJ Action.

## RELIEF REQUESTED

WHEREFORE, Plaintiff, Everest Indemnity Insurance Company requests and prays that this Court enter judgment in favor of Everest and against All Risks as follows:

(a) Determining and declaring that the PA Agreement and underwriting guidelines require that the Policies issued by All Risks must contain the TCPA Endorsement, unless issuance of a policy without the Endorsement is specifically authorized by Everest or its underwriting manager, Mt. McKinley, in writing;

(b) Determining and declaring that All Risks, by its failure to endorse the Policies with the TCPA Endorsement on issuance, has breached the PA Agreement;

(c) Determining and declaring that, pursuant to the PA Agreement, Everest is entitled to reimbursement and indemnity from All Risks for all monetary losses, including attorneys' fees, costs, expense and settlements or judgments that Everest has paid or may pay in the future in connection with the TCPA Suits and the DJ Action;

(d) Awarding Everest all actual and consequential damages, including attorneys' fees, costs and expense, sustained by Everest in connection with the TCPA Suits and the DJ Action;

(e) Awarding Everest the reasonable and necessary attorneys' fees incurred by Everest in the prosecution of this lawsuit;

(f) Awarding Everest all pre-judgment and post-judgment interest on its damages as allowed by law; and

(g) Awarding Everest all further and other as the Court may deem just and proper.

Respectfully submitted,

Dated June 20, 2016

George R. Hardin, Esquire,
HARDIN, KUNDLA, MCKEON &
POLETTO, P.A.
673 Morris Avenue
Springfield, New Jersey 07081
Telephone: (973) 912-5222
Email: ghardin@hkmpp.com
**ATTORNEYS FOR EVEREST INDEMNITY INSURANCE COMPANY**

Of Counsel:
Fred L. Alvarez, Esquire
Walker Wilcox Matousek LLP
One North Franklin, Suite 3200
Chicago, Illinois 60606
Telephone: (312) 244-6700
Email: falvarez@wwmlawyers.com